**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Darby and Beth Darby,              )<br>                                                           )<br>            Plaintiffs,                            )<br>                                                           )<br>    vs.                                                 )<br>                                                           )<br>Safeco Insurance Company of           )<br>America, et al.,                                   )<br>                                                           )<br>            Defendants.                        )  | No. CV-12-00287-PHX-PGR<br><br><br>ORDER |

Pending before the Court is Plaintiffs' Motion for Entry of Interim Protective Order (Doc. 20), wherein the plaintiffs seek the entry of a "sharing" protective order over the objections of defendant Safeco Insurance Company. Having reviewed the parties' memoranda, the Court finds that the plaintiffs are only entitled to the entry of a "non-sharing" protective order.[1]

---

[1] Although the plaintiffs state in a cursory footnote in their motion that "[t]he parties have met and conferred on this issue and have been unable to reach agreement[,]" Safeco disputes that contention. Safeco states in its response that the plaintiffs' motion was actually filed before any "meet and confer" occurred between counsel, but that counsel did confer subsequent to the filing of the motion and narrowed their dispute about the protective order to three issues. The Court discusses herein only the disputed "sharing" provision because the other two alleged disputed provisions, what Safeco refers to in its response as the "formally

The plaintiffs' complaint in this first-party insurance action alleges that Safeco breached its contract with the plaintiff and committed bad faith in the manner in which it handled the plaintiffs' insurance claim for damage to their home from a severe wind and hail storm in October, 2010. While the parties agree that a protective order should be entered regarding Safeco's confidential information obtained by the plaintiffs during discovery, the parties disagree as to the propriety of the plaintiffs' request that the protective order permit the plaintiffs' counsel to share that discovery with similarly situated litigants who agree to be bound by the protective order. At the heart of the "sharing" provision issue is the plaintiffs' proposal, as set forth in their reply, that the protective order contain the following language:

> Both the Protected Documents and the information contained therein shall be treated as confidential. Except upon the prior written consent of DEFENDANT or upon further Order of this Court, the Protected Documents or information contained therein may be shown, disseminated, or disclosed only to the following persons when reasonably required in connection with their duties relating to this action:
> \*   \*   \*
> Attorneys representing a plaintiff, and the experts and consultants retained by a plaintiff, in other cases against DEFENDANT involving claims of violation of insurance law or "bad faith" claims handling by DEFENDANT or related subsidiaries.

Safeco argues that this proposed broad sharing provision is improper because it "would allow Plaintiffs' counsel sole discretion in disseminating Safeco's confidential information to any plaintiff's attorney in the country who files a case

---

associated" provision, wherein Safeco proposes that only counsel formally associated with this action by court order have access to the confidential information, and the "trial" provision, wherein Safeco proposes that the protective order remain in place through the trial of this action, were not even mentioned by the plaintiffs in their reply. The Court considers whatever unstated objections the plaintiffs may have to these other two provisions proposed by Safeco to be waived.

1 against Safeco without any showing of relevance, the relatedness of the issues in
2 the litigation, and with no limitation in time or geographical scope." Safeco further
3 argues that the more appropriate procedure is to enter a non-sharing protective
4 order that collateral litigants may subsequently move to modify on an individual basis
5 as needed. The Court agrees.

6 There is no dispute that the Ninth Circuit "strongly favors access to discovery
7 materials to meet the needs of parties engaged in collateral litigation" because
8 "[a]llowing the fruits of one litigation to facilitate preparation in other cases advances
9 the interests of judicial economy by avoiding the wasteful duplication of discovery."
10 Foltz v. State Farm Mutual Automobile Ins. Co., 331 F.3d 1122, 1131 (9th Cir.2003).
11 Nevertheless, the Ninth Circuit has not adopted a policy that permits collateral
12 litigants to be automatically given access to confidential information produced during
13 discovery in another action. Kelly v. Provident Life and Accident Ins. Co., 2008 WL
14 5132851, at *1-2 (S.D.Cal. Dec. 5, 2008) (citing to Foltz).

15 Instead, the Ninth Circuit set forth in Foltz a procedure to be followed when a
16 collateral litigant seeks confidential information subject to a protective order in
17 another action. First, the collateral litigant, through the means of a motion to
18 intervene seeking modification of the protective order, "must demonstrate the
19 relevance of the protected discovery to the collateral proceedings and its general
20 discoverability therein[,]" with relevance hinging "on the degree of overlap in facts,
21 parties, and issues between the suit covered by the protective order and the
22 collateral proceedings." Foltz, 331 F.3d at 1132. The Ninth Circuit reasoned that
23 relevance must be shown in order to prevent collateral litigants "from gaining access
24 to discovery materials merely to subvert limitations on discovery in another
25 proceeding." *Id.*

26

Second, the Ninth Circuit, recognizing that "a court should not grant a collateral litigant's request for such modification [of the protective order] automatically[,]" requires the court which issued the protective order to "satisfy itself that the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided by modifying the protective order." *Id*. In making this determination, the court must also consider other factors, such as weighing "the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." *Id.*

Third, if the court issuing the protective order determines that it should be modified to permit collateral litigants to seek protected discovery, then it becomes the responsibility of the court overseeing the collateral litigation to actually determine whether the collateral litigants will ultimately obtain the discovery materials. *Id*. at 1132-33.

As Safeco correctly notes, the "sharing" provision requested by the plaintiffs would improperly circumvent all of these procedural safeguards mandated by the Ninth Circuit. *See* Kelly v. Provident Life and Accident Ins. Co., 2008 WL 5132851, at *2 (S.D.Cal. Dec. 5, 2008) (Court declined to enter a "sharing" protective order because "Plaintiff seeks the ability to share confidential documents he obtains in this case with collateral litigants without needing to seek to modify the protective order and obtain a relevancy determination from the Court, and without requiring the collateral courts to resolve any disputes which may arise with respect to discoverability of the materials in the collateral cases." *Accord*, Long v, TRW Vehicle Safety Systems, Inc., 2010 WL 1740831, at *1 (D.Ariz. April 29, 2010) (Court, in denying plaintiffs' request for a "sharing" protective order because the plaintiffs were seeking to circumvent all of the principles and procedures mandated by Foltz, noted

that a "non-sharing" protective order did not forever preclude the sharing of discovery since collateral litigants seeking production of protected confidential information "will simply have to go through the appropriate steps to obtain that discovery, as set forth in *Foltz*.") Therefore,

IT IS ORDERED that Plaintiffs' Motion for Entry of Interim Protective Order (Doc. 20) is denied to the extent that it seeks the entry of a "sharing" protective order.

IT IS FURTHER ORDERED that the parties shall submit a stipulated proposed "non-sharing" protective order no later than **December 12, 2012**.[2]

DATED this 13th day of November, 2012.

Paul G. Rosenblatt
United States District Judge

---

[2] The proposed protective order submitted by the parties must comply with the applicable provisions of this Court's Local Rules, *e.g.* it must not be on an attorney's letterhead (LRCiv 7.1(b)(3)) and the parties' names in the caption of the document must be capitalized using proper upper and lower case type (LRCiv 7.1(a)(3)).  Furthermore, any provision in the submitted order setting forth the procedure for filing documents with the Court that contain confidential information must comply with the requirements of LRCiv 5.6.